Filed 4/23/26  P. v. Baham CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B344848 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 24ARCF01230) |
| v. | |
| JOSHUA BAHAM, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kathryn Solorzano, Judge.  Affirmed.

Omer A. Khan, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Joshua Baham appeals from a judgment after a court trial that resulted in his conviction for three counts of grand theft. Baham's appellate counsel has filed a brief under *People v. Wende* (1979) 25 Cal.3d 436, asking us to review the record independently.

In August 2024, the People filed a felony complaint charging Baham with three counts of felony grand theft of automobiles (Pen. Code,[1] § 487, subd. (d)(1)). The complaint alleged that Baham had a prior auto theft-related conviction within the meaning of section 666.5 and had committed the offenses while on probation (Cal. Rules of Court, rule 4.421(b)(4)). After a preliminary hearing, the trial court found sufficient cause to hold Baham to answer.

In September 2024, the People filed an information charging Baham with the same offenses and allegations. Baham pled not guilty to all charges and waived his right to a jury trial.

At the court trial, L'Tanya Bragg, a risk management coordinator at Enterprise Rent-A-Car, testified about three cars that went missing from its facility on Aviation Boulevard. Enterprise's facility has a surveillance system that records when vehicles enter and exit, and it recorded when each of the missing cars exited the facility.

The first car, a Mercedes worth $46,000, exited the facility on June 18, 2024. Surveillance footage showed an individual identified at trial as Baham driving the car. Baham wore a reflective vest that people who shuttle or move cars for Enterprise wear. However, neither Enterprise nor its vendor

---

[1] All further undesignated statutory references are to the Penal Code.

that was responsible for moving cars employed Baham. The second car, a Maserati worth $122,000, exited the lot on June 20, 2024. The third car, a Mercedes worth $45,562, exited the lot on June 27, 2024. When each car left the lot, a guard at the exit made an entry in the guard log sheet, and Baham gave different names each time he exited. None of the cars had been rented or were scheduled for maintenance.

On June 26, 2024, Officer Angel Romo saw three people sitting in a parked Maserati. Baham was in the driver's seat, and he had the car's key fob in his pocket. A reflective vest was in the trunk. Baham was arrested but released. Two days later, on June 28, 2024, an officer met Baham at a location in Los Angeles so that the officer could return Baham's personal belongings. When the officer arrived, he saw Baham loading things into the Mercedes that had been taken from Enterprise on June 27, 2024. The officer did not arrest Baham at that time. But later that evening, Baham was stopped in the Mercedes for a traffic violation. Three people were in the car, and Baham was in the back seat. Baham had the car's key fob in his pocket. A black and yellow vest was in the car.

The trial court took judicial notice that Baham had a conviction for grand theft of an auto.

In ruling, the trial court reviewed the surveillance footage and Baham's booking photos and found "without a doubt" that Baham was the person who drove the cars from Enterprise's lot. That Baham was arrested after being found in the driver's seat of the Maserati with its key fob in his pocket corroborated that he stole the car. Further, the trial court found that Baham intended to permanently deprive Enterprise of the cars based on the way

3

in which he took them and that one car was found in the possession of a third party.

The trial court accordingly found Baham guilty of three counts of grand theft with a prior conviction. On March 7, 2025, the trial court sentenced Baham to the high term of four years on count 1, to a consecutive one year on count 2, and to a concurrent high term of four years on count 3. The trial court relied on Baham's criminal record, reflected in a certified record of conviction, to impose the high terms. The trial court awarded Baham 405 days of custody credit, comprised of 203 actual days and 202 good time/work time credits, and it imposed but stayed restitution fines and fees based on a finding that Baham was unable to pay them.

Baham appealed. Court-appointed appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record under *People v. Wende, supra*, 25 Cal.3d 436. We directed appellant's counsel to send Baham the record and a copy of the opening brief, and we advised that within 30 days of the date of the notice, Baham could submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments he wished this court to consider. Baham did not submit a supplemental brief.

We have examined the record and are satisfied no arguable issues exist and Baham's attorney has complied with the responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 125–126; *People v. Wende, supra*, 25 Cal.3d at pp. 441–442.)

4

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.

We concur:


EGERTON, J.                        ADAMS, J.